IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LORENZO MONTANA,**

      Movant,

vs.                                           **CIVIL  NO.  Civ 05-0079 LH/DJS**
                                                                Criminal No.  01-1088 LH

**UNITED STATES OF AMERICA,**

      Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. Movant is incarcerated at the Unites States Penitentiary -Beaumont where he is serving a 96-month sentence as a result of his conviction for one count of bank robbery. That conviction was obtained as the result of Movant's guilty plea.

2. Movant contends that his sentence was imposed in violation of the United States Supreme Court's ruling in United States v. Booker, 125 S.Ct. 738 (2005) and that his trial counsel rendered ineffective assistance of counsel. Initially, the §2255 motion was denied by the Court and this matter

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

dismissed. Movant appealed and the 10th Circuit Court of Appeals reversed in part, remanding the matter for this Court to consider Movant's ineffective assistance of counsel claim. Following remand, Respondent provided an answer to the motion in which it asserted that the motion is not timely.

    3. 28 U.S.C. §2255 states in part that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>   (1) the date on which the judgment of conviction becomes final;
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A judgment of conviction becomes final and the one year limitation period begins to run after the time for seeking *certiorari* review has expired if a defendant does not petition the United States Supreme Court for a writ of *certiorari* after his direct appeal. United States v. Burch, 202 U.S. 1274, 1276 (10th Cir. 2000).

    4. In this case, no impediment to Movant bringing his ineffective assistance of counsel claim is alleged. The right to effective counsel is not newly recognized. Movant alleges that counsel failed to perform any pretrial investigation into the events which resulted in his obstruction of justice charge and that counsel told him to expect a sentence of eighty-one and one half months, rather than the ninety-six month sentence he received. Those facts were apparent from the time the time of Movant's sentencing. Consequently, the one-year limitation period began to run when Movant's conviction became final.

    5. Movant was sentenced on November 27, 2001. Because Movant did not bring a direct appeal, his conviction became final on December 21, 2001. See Fed.R.App.P. 4(b)(1)(A) (Requiring

a defendant's notice of appeal in a criminal case be filed withing ten days of the later of either the entry of the judgment or order being appealed or the filing of the government's notice of appeal); also see United States v. Hurst, 322 F.3d 1256, 1259-60 (10th Cir.2003) (concluding that "the day of the act ... from which the designated period of time begins to run shall not be included' in calculating the §2255 limitations period) (quoting Fed.R.Civ.P. 6(a)). Therefore, the §2255 one-year limitations ended "on the anniversary date of the triggering event," December 22, 2001. See Hurst, 322 F.3d at 1261. Movant did not file the instant §2255 motion until January 24, 2005, over four years after the end of the limitation period. Accordingly, the motion is untimely.

     6. Under extraordinary circumstances, such as when a constitutional violation has resulted in the conviction of one who is actually innocent or incompetent, equitable tolling may be applied to the one-year limitation period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir.) cert. denied, 525 U.S. 891 (1998). Movant does not raise any allegations which would lead to the application of equitable tolling in this case. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (equitable tolling of statute only permitted in rare and exceptional circumstances).

**RECOMMENDED DISPOSITION:**

That the motion be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**